**Gjergji Rapo LLENGA, Noela Llenga, Xhin Llenga, Petitioners,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–2406–AG.

United States Court of Appeals, Second Circuit.

May 25, 2006.

Michael Boyle, Justin Conlon, North Haven, CT, for Petitioners.

Matthew H. Mead, United States Attorney for the District of Wyoming, Nicholas Vassallo, Assistant United States Attorney, Cheyenne, WY, for Respondent.

Present CHESTER J. STRAUB, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Gjergji Llenga, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Michael W. Straus, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), along with the derivative claims of his wife and child. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA fully adopts the IJ's decision, we review the IJ's decision. *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

In this case, the IJ's findings that Llenga could not establish past persecution, or establish that the events he argues constituted persecution stemmed from his political actives, are supported by substantial evidence. Specifically, and as noted by the IJ, Llenga testified that, although he received a number of threats, none of these threats were ever pursued, and Llenga was never physically harmed. Furthermore, the background information provided by Llenga demonstrates that a violent crime problem persists in Albania, so even if Llenga had established that he had suf-

fered some form of persecution, he did not establish that it was suffered on account of his political opinion. Even though some of the threats stated that Llenga should stop his anti-Communist political activities, these threats were also extortion demands, and Llenga could not state with any certainty who was behind the threats.

Additionally, because Llenga failed to establish eligibility for asylum, he also failed to meet the higher burden of establishing eligibility for withholding of removal. Furthermore, Llenga has waived any challenge to the agency's denial of CAT relief by failing to address this issue in his brief before this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.